UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES

CIVIL ACTION

VERSUS

NO. 08-563-BAJ-CN

STATE OF LOUISIANA DIVISION
OF ADMINISTRATION OFFICE
OF RISK MANAGEMENT

**RULINGS**

The Court's review of this matter upon its recent reassignment reveals numerous pending motions. The Court addresses the motions herein, *seriatim*.

Defendant filed a motion for partial dismissal of the claims asserted in this matter (doc. 20). Plaintiff specifically seeks dismissal of claims which are not fairly within the scope of the plaintiff's EEOC charge and seeks dismissal of any claims which might be asserted in Paragraphs 13-16 of the complaint on ground that they do not relate to any events that occurred in the course of her employment with the defendant (doc. 24). Plaintiff subsequently filed a Motion Not to Dismiss which is the Court construes as an opposition to the motion to dismiss (doc. 28). Plaintiff also filed a motion to amend her motion not to dismiss (doc. 32).

Plaintiff has asserted claims against defendant for race and age discrimination and retaliation. To the extent plaintiff alleged in her EEOC charge incidents that occurred in subsequent employment situations, the allegations have no bearing on her claims in this matter. The remaining allegations in the EEOC charge bear only on damages allegedly incurred as a result of the discriminatory termination of her employment or upon alleged acts of retaliation by the defendant.

Moreover, plaintiff's original complaint makes several conclusory allegations without citing a factual basis or alleges facts that are not relevant to her Title VII claims (doc. 1, ¶¶ 2, 3, 6, 7, 9, 10, 13, 16, 30). Similar irrelevant allegations are presented in the Amended complaint (doc. 9, ¶¶ 5, 7, 9, 10, 11, 12).

For the foregoing reasons: (1) The motion to amend the motion not to dismiss (doc. 32) is **GRANTED**; (2) The motion to dismiss is **GRANTED** insofar as defendant seeks dismissal of claims arising out of incidents that allegedly occurred after her employment with defendant or that are alleged to have occurred in the course of her employment with any employer other than the defendant; (3) The motion to dismiss is also **GRANTED** insofar as it seeks dismissal of claims asserted in paragraphs 2, 3, 6, 7, 9, 10, 16, and 30 of the original complaint, and in paragraphs 5, 7, 9, 10, 11, and 12 of the Amended Complaint; (4) The motion to dismiss is **DENIED** insofar as it seeks dismissal of claims of retaliation that may arise out of the facts asserted in paragraphs 4 and 5 of the original complaint; and (5) Plaintiff's Motion Not to Dismiss, which has been construed as an opposition to the motion to dismiss (doc. 28) is **DISMISSED** as moot.

The matter having recently been reassigned to the undersigned, plaintiff's motions to transfer or reassign the matter (docs. 39, 59) and motion for leave to file an amended affidavit in support of transfer (doc. 40) are **DISMISSED** as moot.

Plaintiff has also moved for a temporary restraining order to prevent defendant from "the disposal of pertinent information documents or files while this

court waits to decide on the Motion to Dismiss or Not to Dismiss (doc. 55). The motion to dismiss and the motion not to dismiss having been ruled upon, the motion for a temporary restraining order is **DISMISSED** as moot.

Plaintiff has also moved for a preliminary injunction to prevent "the lay off of the State employees she has named as witnesses in this case (doc. 50). However, "[i]njunctive relief is 'an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting, *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1974). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Specifically, the movant must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Holland Am. Ins Co.*, 777 F.2d at 997 (quoting, *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Plaintiff has failed to carry her burden of proving any of the four elements necessary to obtain the injunctive relief sought. Accordingly, plaintiff's motion for a preliminary injunction (doc. 50) is **DENIED**.

3

Because the Court has ruled on all of plaintiff's other pending motions in this matter, plaintiff''s motions for information as to the status of other motions (docs. 16, 38, 41, 42, 48, 49, 58, 61, 65) are **DISMISSED** as moot.

Baton Rouge, Louisiana, September 23, 2011.

*[signature]*
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

4

Case 3:08-cv-00563-BAJ -CN   Document 66   09/26/11   Page 4 of 4