UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NAOMI SANDERS | CIVIL ACTION |
| VERSUS | |
| STATE OF LOUISIANA DIVISION OF ADMINISTRATION, ET AL. | NO.: 08-00563-BAJ-SCR<br><br>C/W 07-00375-BAJ-SCR<br>08-00145-BAJ-SCR<br>08-00524-BAJ-SCR |

## RULING AND ORDER

Before the Court is a motion entitled **Petition for Permission To Appeal This Judgment, Ruling And Order; If Required (Doc. 70)**, filed by Plaintiff Naomi Sandres ("Sandres"), seeking an order from this Court relieving her from final judgment.[1] The motion is unopposed.

Also before the Court is a motion entitled **Application For Stay Of Judgment, Order and Ruling Pending Appeal Of Order, Ruling and Judgment Or As An Alternative, a New Trial (Doc. 71)**, filed by Sandres, seeking an order from this Court staying the Court's final judgment, pursuant to Federal Rule of Civil Procedure ("Rule") 62. The motion is unopposed.

---

[1] The undersigned issued a final judgment against Sandres on December 13, 2012. (Doc. 194.)

Also before the Court is a motion entitled **Motion For A New Trial (Doc. 72)**, filed by Sandres, seeking an order from this Court relieving her from final judgment. The motion is unopposed.

Also before the Court is a motion entitled **Motion For Separation Of This Case To Serve Justice And Equal Rights (Doc. 73)**, filed by Sandres, seeking an order from this Court relieving her from final judgment and severing this matter from the following matters: (1) *Naomi Sandres v. State of Louisiana Division of Administration, Office of Risk Management, et al.*, Civil Action No. 07-00375-BAJ-SCR; (2) *Naomi Sandres v. State of Louisiana Division of Administration, et al.*, Civil Action No. 08-00524-BAJ-SCR; and (3) *Naomi Sandres v. State of Louisiana Division of Administration, et al.*, Civil Action No. 08-00563-BAJ-SCR. The motion is unopposed.

Also before the Court is a motion entitled **Motion To Expedite Final Ruling, Order And Judgement On Case # 08-145 / 08-563 Since Your Court Did Not Include Them In The Body Of Last Ruling Of March 19, 2013 (Doc. 76)**, filed by Sandres, seeking an expedited ruling and judgement in this matter. The motion is unopposed.

The Court first notes that the Court entered a final Judgment against Sandres in this matter on December 13, 2012. (Doc. 69.) The Judgment dismissed, with prejudice, Civil Action No. 07-00375-BAJ-SCR "**and all consolidated matters**."[2] (Doc. 69, p. 1) (emphasis in original).

---

[2]This matter was consolidated with Civil Action No. 07-00375-BAJ-SCR, Civil Action No. 08-00145-BAJ-SCR, and Civil Action No. 08-00524-BAJ-SCR on September 26, 2011. (Doc. 67.)

On January 11, 2013, Sandres filed her notice of appeal to the United States Court of Appeals for the Fifth Circuit. *See* Civil Action 07-00375-BAJ-SCR, Doc. 185. Although Sandres only listed Civil Action 07-00375-BAJ-SCR and Civil Action 08-00524-BAJ-SCR in the caption of her appeal, her appeal applied to all four consolidated matters. *See Naomi Sandres v. State of Louisiana Division of Administration*, Civil Action No. 13-30070 (5th Cir.). Thus, her appeal of the Judgment in this matter is currently pending before the Fifth Circuit.

Generally, the district court cannot "alter the status of the case as it rests before the Court of Appeals." *Clower v. Wells Fargo Bank, N.A.*, 381 Fed. Appx. 450, 451 (5th Cir. 2010) (quoting *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990). "The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.")). However, "the district court may still proceed with matters not involved in the appeal." *Id.* (citing *Alice L v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007). According to the Fifth Circuit, "[h]ow broadly a court defines the aspects of the case on appeal depends on the nature of the appeal." *Dusek*, 492 F.3d at 565.

Here, Sandres seeks an order from this Court relieving her from final judgment, staying the Court's final judgment, and/or severing this matter from Civil Action No. 07-00375-BAJ-SCR, Civil Action No. 08-00145-BAJ-SCR, and Civil Action No. 08-

00524-BAJ-SCR. However, each motion relates to the Judgment entered in this matter on December 13, 2012, and appealed to the Fifth Circuit on January 11, 2013. Thus, Sandres' pending appeal divests this Court of jurisdiction to grant or deny the relief requested.

Further, even if the Court were to conclude that Sandres' appeal did not divest it of jurisdiction, Sandres has failed to meet the requirements under Federal Rules of Civil Procedure ("Rule") 42, 60, and 62.

Under Rule 60(b), a district court can grant relief from a final judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated.[3] Fed.R.Civ.P. 60(b)(1)-(5). The court can also set aside a judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). However, the burden of establishing at least one of the Rule 60(b) requirements is on the movant, and the determination of whether that burden has been met rests within the discretion of the court. *Card v. Keffer*, No. 1:10-CV-01195, 2012 U.S. Dist. LEXIS 184650, at *2-3 (W.D. La. Dec. 20, 2012); *Schwab v. Medfirst Health Plans of Louisiana*, No. 99-2695, 2000 U.S. Dist. LEXIS 5046, at *4-5 (E.D. La. April 7, 2000).

---

[3]Sandres filed the instant motions for relief from final judgment under Rules 59(b) and Rule 59(e). However, because no trial was held in this matter, and because the judgment entered against Sandres was a final judgment, Sandres' motions shall be construed as motions for relief from final judgment, pursuant to Rule 60.

Here, Sandres failed to address any of the abovementioned reasons. Instead, Sandres merely states that she "was not allowed to do proper discovery." Thus, she should be granted relief from a final judgment.

Assuming, *arguendo*, that Sandres "was not allowed to do proper discovery," such a discovery dispute must be raised with the assigned United States Magistrate Judge at the pre-trial stage, not raised for the first time with the presiding District Judge *after* final judgment has been entered. Further, Sandres' claims were dismissed due to her failure to comply with this Court's orders and appear for a deposition, that resulted in a delay that was attributable to Sandres only. *See* Civil Action No. 07-00375-BAJ-SCR, Doc. 182. Thus, the Court is not persuaded that Sandres should be granted relief from a final judgment.

Rule 62(b) provides that a court may stay the execution of a judgment pending disposition of a motion brought pursuant to Rule 60. Fed. R. Civ. P. 62(b)(4). However, whether to grant such a stay is discretionary. *See Boyd v. Occidental Fire & Cas. Co. of N.C.*, No. 10-0672, 2011 U.S. Dist. LEXIS 103115, at *3 (M.D. La. Sept. 13, 2011). Further, a court must consider four (4) factors in ruling on a motion to stay under Rule 62:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Moore v. Tangipahoa Parish Sch. Bd.*, No. 12-31218, 2013 U.S. App. LEXIS 877, 2013 WL 141791, at *2 (5th Cir. Jan. 14, 2013) (quoting *Hilton v. Braunskill*, 481 U.S. 770,

776 (1987)). Of these factors, the most crucial is whether the moving party will suffer irreparable injury unless a stay is granted. *United States v. State of Louisiana*, 815 F.Supp. 947, 953 (E.D. La. 1993).

Here, Sandres failed to address the abovementioned factors, nor has she demonstrated that she will suffer irreparable injury if her motion to stay is denied.

Under Rule 42, a court may separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed.R.Civ.P. 42(b); *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). Approximately two years ago, the undersigned issued an order consolidating this matter with Civil Action No. 07-00375-BAJ-SCR, Civil Action No. 08-00145-BAJ-SCR, and Civil Action No. 08-00524-BAJ-SCR. (Doc. 67.) The Court determined at that time that consolidation of the matters was proper, and Sandres has not presented any valid reasons why the Court should reverse its previous order and sever this matter.

In sum, even if the Court were to conclude that Sandres' appeal did not divest it of jurisdiction, Sandres' request for an order relieving her from final judgment, staying the Court's final judgment, and/or severing this matter must be denied.

Accordingly,

**IT IS ORDERED** that Sandres' **Petition for Permission To Appeal This Judgment, Ruling And Order; If Required (Doc. 70)** is **DENIED**.

**IT IS FURTHER ORDERED** that Sandres' **Application For Stay Of Judgment, Order and Ruling Pending Appeal Of Order, Ruling and Judgment Or As An Alternative, a New Trial (Doc. 71)** is **DENIED**.

IT IS FURTHER ORDERED that Sandres' **Motion For A New Trial (Doc. 72)** is **DENIED**.

IT IS FURTHER ORDERED that Sandres' **Motion For Separation Of This Case To Serve Justice And Equal Rights (Doc. 73)** is **DENIED**.

IT IS FURTHER ORDERED that Sandres' **Motion To Expedite Final Ruling, Order And Judgement On Case # 08-145 / 08-563 Since Your Court Did Not Include Them In The Body Of Last Ruling Of March 19, 2013 (Doc. 76)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 12th day of September, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**